**E-FILED**
Thursday, 14 October, 2004  10:42:17 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| KENNETH E. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| CNH AMERICA, LLC, a limited liability company, | ) | **ANSWER** |
| | ) | |
| Defendant. | ) | |

NOW COMES defendant, CNH AMERICA, LLC, by its attorneys, SNYDER, PARK & NELSON, P.C., and for its Answer to plaintiff's Complaint in the above-entitled case states as follows:

1. Defendant admits paragraph 1.

2. Defendant admits paragraph 2.

3. Defendant admits paragraph 3.

4. Defendant admits paragraph 4.

5. Defendant denies paragraph 5 but admits that plaintiff went on Accident and Sick Leave, that his last day worked was March 22, 1999, and that he began receiving disability benefits March 25, 1999.

6. Defendant denies paragraph 6 in that it denies that it "refused to return plaintiff to work," but states that, based on his medical work restrictions,

SNYDER, PARK & NELSON, P.C.
ATTORNEYS AT LAW
ROCK ISLAND, ILLINOIS

2

plaintiff was unable to do any job available at the defendant's East Moline facility,
so he could not be returned to work; defendant admits that plaintiff filed a charge
of discrimination with the United States Equal Employment Opportunity
Commission ("EEOC") as alleged.

7.     Defendant admits that the parties entered into the Mediation
Settlement Agreement ("MSA"), Exhibit 1, which plaintiff signed on April 5,
2000; further pleading, defendant states that it signed the MSA on April 10, 2000,
and the EEOC approved the MSA on April 10, 2000.

8.     Defendant admits that one term of the MSA was that defendant "will
consider Charging Party, based on his seniority, for second and third shift
positions as they become available."  The other provisions of the MSA were that
plaintiff would be placed on long-term disability and that plaintiff would inform
defendant of any changes in his in condition that might affect his job performance
abilities.

9.     Defendant denies paragraph 9 and further pleading states that
plaintiff's ability to perform the job of loader/unloader in Department 56 on the
paint line is irrelevant to the terms of the MSA because such job was available on
first shift only and was never available on either second or third shift.

10.     Defendant denies paragraph 10.

SNYDER, PARK & NELSON, P.C.
ATTORNEYS AT LAW
ROCK ISLAND, ILLINOIS

3

11.    Defendant admits that paragraph 6 of the MSA authorizes an action for breach of contract; defendant denies the remainder of paragraph 6.

12.    Defendant denies paragraph 10.

<u>Affirmative Defenses</u>

13.    Defendant states that at no time since the signing of the MSA was plaintiff qualified for any openings that became available based on plaintiff's seniority on second or third shift, at defendant's East Moline facility.

14.    Defendant states that plaintiff breached the MSA by not advising defendant of any change in his medical condition and by failing to complete a Functional Capacity Evaluation to determine his work capabilities in July 2002.

15.    Defendant states that plaintiff received and continues to receive long-term disability benefits on account of his inability to work. Any claimed damages to which plaintiff might otherwise be entitled to receive should be offset by the amount of such long-term disability benefits he has received.

WHEREFORE, defendant, CNH AMERICA, LLC, prays that plaintiff's Complaint herein be dismissed with costs of this action assessed to plaintiff.

CNH AMERICA, LLC, Defendant


By: _____/s/ Robert T. Park_____
          Robert T. Park, for


SNYDER, PARK & NELSON, P.C.
ATTORNEYS AT LAW
ROCK ISLAND, ILLINOIS

4

SNYDER, PARK & NELSON, P.C.
Attorneys for Defendant
1600 - 4th Avenue, Suite 200
P.O. Box 3700
Rock Island, IL  61201
(309) 786-8497
(309) 786-0463 (fax)
e-mail: rpark@snyderpark.com

Copy to:

      Stephen T. Fieweger
      KATZ, HUNTOON & FIEWEGER, P.C.
      P.O. Box 3250
      Rock Island, IL  61204-3250.


**PROOF OF SERVICE**

      The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by enclosing the same in an envelope addressed to such attorneys at their business address as disclosed by the pleadings of record herein with postage fully prepaid and by depositing said envelope in a U.S. Post Office mail box in Rock Island, Illinois, on the 14th day of October 2004.

                         /s/ Robert T. Park